## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KLM ENTERPRISES INC., *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1003-SLP |
| | ) | |
| RV RETAILER OKLAHOMA, LLC d/b/a | ) | |
| BLUE COMPASS RV OKLAHOMA CITY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is Plaintiffs' Motion to Remand to the District Court of Canadian County. [Doc. No. 6]. Defendants have responded to the Motion [Doc. No. 11]. Plaintiffs did not reply, and the time for doing so has now expired. The matter, therefore, is fully briefed and ready for decision. For the reasons stated below, Plaintiffs' Motion is DENIED.

### I.    Background

On August 1, 2025, Plaintiffs commenced this action in the District Court of Canadian County, State of Oklahoma. The lawsuit arises from Plaintiffs' purchase of a recreational vehicle, and Plaintiffs assert causes of action for breach of contract, negligence/gross negligence, misrepresentation, conversion/unjust enrichment, violation of the Oklahoma Consumer Protection Act, violation of the Oklahoma Motor Vehicle Commission laws, violation of the Uniform Commercial Code, violation of Lemon Law, violation of the Recreational Vehicle Franchise Act, and rescission. *See* Pet. [Doc. No. 1-

1].  The Petition further alleges "actual damages" of "no less than $52,200.00" and seeks full refund of the purchase price and costs along with applicable attorney's fees and costs. *Id.* at 6.

On September 4, 2025, Defendants filed their Notice of Removal [Doc. No. 1] and removed the action to this Court on the basis of diversity jurisdiction.  In the Notice of Removal, Defendants cite the allegations of the Petition demonstrating complete diversity of citizenship amongst the parties and that the amount in controversy requirement was satisfied.  *See id*. at 2-3.  Plaintiffs now assert three grounds for remand: (1) Defendants waived any objection to state court jurisdiction by filing an Answer in state court prior to removing; (2) Defendants did not prove complete diversity of citizenship; and (3) the amount in controversy does not exceed $75,000.  *See* [Doc. No. 6].

## II.    Discussion

### A.    Waiver

Plaintiffs argue that Defendants waived jurisdiction and venue challenges by filing an answer in state court without specifically objecting on those grounds.  *See* [Doc. No. 6] at 2.  In support, Plaintiffs cite to *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089 (10th Cir. 2017).  However, *Soto* explicitly acknowledges Federal Rule of Civil Procedure 81(c)(2), stating that a defendant may "file an answer in state court without waiving removal."  *Id.* at 1098; *see also Anders v. Petco Animal Supplies Stores, Inc.*, No. CIV-23-788-F, 2023 WL 7166862, at *1 (W.D. Okla. Oct. 31, 2023) ("[A]n answer filed in state court does not result in a waiver.").  Accordingly, Defendants did not waive removal by filing an Answer in the state court proceeding.

2

**B.      Amount-In-Controversy Requirement**

Subject matter jurisdiction in this action is premised on diversity of citizenship.  *See* 28 U.S.C. § 1332.  Section 1332(a) requires: (1) complete diversity between the parties; and (2) that the amount in controversy exceed $75,000.00, exclusive of interest and costs. Id.  Plaintiffs challenge both prongs in their Motion.

A defendant invoking federal diversity jurisdiction must prove, by a preponderance of the evidence, jurisdictional facts demonstrating "the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  After it establishes these jurisdictional facts, the defendant's "estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).  To satisfy its burden, a "defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail*, 529 F.3d at 955.  Reasonable attorney's fees may be used in the calculation when a party has a statutory right to recover such fees.  *See Molzahn v. State Farm Mut. Auto. Ins. Co.*, 422 F.2d 1321, 1322 (10th Cir. 1970); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.").

The Court considers the amount in controversy at the time of removal for purposes of determining whether subject matter jurisdiction exists.  *See, e.g., Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged

on the complaint as it stands at the time of the removal.")  And "[o]nce jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing." *Miera*, 143 F.3d at 1340 (citation omitted).  Moreover, "[t]here is a strong presumption favoring the amount alleged by the plaintiff." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216–17 (10th Cir. 2003).  "[G]enerally, the amount sued for fixes the amount in controversy for jurisdictional purposes." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999); *see also McPhail*, 529 at 955 (the amount in controversy may be established by the allegations of the complaint).  Further, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

Plaintiffs argue, in a wholly conclusory fashion, that this action should be remanded because "Plaintiffs affirmatively allege and stipulate that the total amount in controversy in the state case does not exceed $75,000, exclusive of fees and costs."  Mot. [Doc. No. 6] at 3.  As a threshold matter, however, Plaintiffs' Petition fails to comply with Oklahoma's pleading code, which requires a party to state whether it is seeking damages in excess of $75,000.  *See* Okla. Stat. tit. 12, §§ 2008–2009.  To the extent that this omission was a purposeful tactic[1] to leverage against removal, the law is clear that "a plaintiff cannot avoid

---

[1] Courts in this district, including this Court, have cautioned other counsel that "noncompliance with the state statute in cases subject to removal might be viewed as an improper attempt to avoid

removal merely by declining to allege the jurisdictional amount." *McPhail*, 529 F.3d at 955.  Further, the Petition clearly belies Plaintiffs' argument as the "Damages" section of the Petition requests a judgment for: "(a) [a]ctual damages in excess of $52,200.00; (b) [r]escission of the sales transaction, with full refund of the purchase price [of approximately $350,000.00] and costs; [and] (c) [a]ttorney's fees and costs incurred . . . ." [Doc. No. 1-1] at 3, 6.

Thus, Plaintiffs plainly asserted damages that exceed the jurisdictional threshold, and the Buyer's Order attached to Defendants' Response confirms the sales price was indeed "approximately $350,000.00."[2]  *See Burris v. Ocwen Loan Servicing, LLC*, No. CIV-16-120-R, 2016 WL 2622016, at *3 (W.D. Okla. May 6, 2016) (holding the amount in controversy requirement was met when considering that plaintiff's claim for recission would require refunds of amounts paid); *see also Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 759 (6th Cir. 2008) ("The purchase price of the R.V.—absent finance charges—was $180,349.06, which is well over the $50,000 amount in controversy requirement."); *Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007) (holding a contract's entire value, without offset, is the amount in controversy in a diversity case when a plaintiff seeks rescission).  The Court finds that the amount in controversy exceeds $75,000.00.

---

federal jurisdiction which would warrant disciplinary action." *Trosper v. Travelers Indem. Co. of Conn.*, No. CIV-14-1088-HE, 2014 WL 6687283, at *2, n.3 (W.D. Okla. Nov. 26, 2014); *see also Payne v. Progressive Direct Insurance Co.*, No. CIV-22-461-SLP (W.D. Okla. Aug. 30, 2022).

[2] Plaintiffs' Petition alleges a purchase price of approximately $350,000.00, [Doc. No. 1-1] ¶ 5, and the Buyer's Order [Doc. No. 11-2] reflects a "sales price" of $335,885.00 and with fees and other charges, a total of $351,125.00.

### C.    Diversity of Citizenship

The burden of proving that removal is proper falls on the party asserting diversity jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  The removing party must prove removal is proper by a preponderance of the evidence.  *See McPhail*, 529 at 953.  "The citizenship of an unincorporated entity—like an LLC—is derived from the citizenship of all the entity's members."  *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1008 (10th Cir. 2025).

Here, RV Retailer Oklahoma LLC d/b/a Blue Compass RV is a limited liability company (LLC) whose sole member is Blue Compass RV, LLC.[3]  In their Response, Defendants assert there is complete diversity.  *See* [Doc. No. 11] at 8.  In support, Defendants attach a declaration which traces the citizenship of each member.  [Doc. No. 11-1].  The Court finds, based on the declaration submitted, that diversity jurisdiction exists.

Further, Plaintiffs' argument that Defendants Notice of Removal was deficient because it "fails to identify the . . . members of each LLC Defendant or their citizenship" is unavailing because Defendants properly pled the citizenship.  *See* Notice [Doc. No. 1] at 3–4; *see also Century Bank v. ADT Com. LLC*, No. CV 22-423 GJF/SMV, 2022 WL

---

[3] Defendants assert in a footnote that "Blue Compass RV, LLC" is not a proper party to this lawsuit because Plaintiffs named "Blue Compass RV" which Defendants state is merely a "'doing business as' (*i.e.* a 'd/b/a')" of the first named Defendant—RV Retailer Oklahoma, LLC.  Resp. [Doc. No. 11] at 1, n.1.  Plaintiffs did not file a Reply and therefore, did not address this argument.  Further, Defendants have not affirmatively sought relief on this issue and rather, the record reflects that both named Defendants filed an Answer.  *See* [Doc. No. 1-2].  As Defendants note in their Response, "regardless, Blue Compass RV, LLC's joinder in this lawsuit would not destroy diversity jurisdiction."  [Doc. No. 11] at 1, n.1.  Accordingly, the Court declines to address this issue at this time.

3154105, at *1 (D.N.M. Aug. 8, 2022) ("Although Defendants did not originally include affidavits of citizenship in their Notice of Removal, they properly pled the citizenship of the parties, which is all that is required under the statute."). Thus, Plaintiffs' argument that jurisdiction is lacking is without merit, and their request to remand this action is denied.

### III.    <u>Conclusion</u>

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand to the District Court of Canadian County [Doc. No. 6] is DENIED.

By separate order, the Court will set this matter for a scheduling conference.

IT IS SO ORDERED this 24th day of October, 2025.


SCOTT L. PALK
UNITED STATES DISTRICT JUDGE